UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of DARREN DALPORTO, as the Owner of the Vessel ACHELOUS, for Exoneration from or Limitation of Liability

Case No. 25-cv-03620-JST

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Re: ECF No. 28

In this case arising from a boating incident that occurred on November 18, 2025, ECF No. 1 ¶ 5, Petitioner Darren Dalporto moves for default judgment against all non-appearing claimants. ECF No. 28. The motion is granted.

## I.    BACKGROUND

Dalporto filed the complaint in this action on April 24, 2025, seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §30523; Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims; and Rule 5 of the Admiralty & Maritime Local Rules for the United States District Court for the Northern District of California. ECF No. 1 at 1. On July 8, 2025, he filed an ex parte application for an order directing the issuance of notice and publication to all persons or entities that might assert claims arising from the November 18 incident. ECF No. 11. The Court granted that application, and on July 14, 2025, issued the requested order. ECF No. 14.

Pursuant to the July 14 order, Dalporto published a Notice to Claimants of Filing of Limitation Proceeding in the San Francisco Daily Journal on July 22, 2025, July 29, 2025, August 5, 2025, and August 12, 2025. ECF No. 28-1 ¶ 2. He also sent the notice via certified mail to potential claimants who were aboard the boat at the time of the incident, or, in the case of Vicki and Skye Ocaranza, successors in interest to an individual who died in the incident. ECF No. 28–

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

4; ECF No. 1 ¶ 5.

This Court's July 14 order also directed all claimants to serve and file any relevant claims by August 27, 2025. ECF No. 14 at 2. Skye and Vicki Ocaranza filed claims on August 20, 2025, but no others did so. ECF No. 18. On October 6, 2025, Dalporto moved for default as to all non-appearing claimants, which the clerk entered the same day. ECF No. 25. On October 24, 2025, Dalporto filed the instant motion for a default judgment, which was unopposed. ECF Nos. 28, 29.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1333.

## III.    DISCUSSION

Federal Rule of Civil Procedure 55 provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After the Clerk of Court enters default, the plaintiff may seek a default judgment. *Id*. 55(b).

"[D]efault judgments are ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Nonetheless, default judgments serve an important purpose under limitation of liability statutes of "draw[ing] into one court . . . all of the claims, in order that they might be heard by one judge on one state of facts, in one trial, and intelligently disposed of." *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 415 (1954); *see also Matter of Seabreeze JetLev, LLC*, No. 21CV01527YGRJCS, 2021 WL 7448618, at *4 (N.D. Cal. Nov. 22, 2021).

"Procedurally, limitation actions brought under the [Limitation of Liability] Act are governed by Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F." *In re Complaint of Paradise Holdings, Inc.*, 795 F.2d 756, 761 (9th Cir. 1986). Rule F requires a vessel owner to file a limitation action within six months of receiving notice of a claim against their vessel, and post appropriate security. Fed. R. Civ. P. Supp. A.M.C. F(1)–(2). Rule F(4) requires the Court to issue notice admonishing all potential claimants to file and serve their claims by a specified date at least 30 days after issuance of the notice. *Id*. F(4). It requires notice via newspaper publication "once a week for four consecutive weeks prior to the date fixed for the

2

filing of claims" and by mail "to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." *Id*.

Rule F(5) then mandates that claims "be filed and served on or before the date specified in the notice provided for in" Rule F(4). *Id*. F(5). Moreover, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint." *Id*.

In a limitation action, default may be entered against a claimant who has failed to timely file a claim and answer as long as the plaintiff-in limitation has satisfied the notice requirements of Rule F. *See, e.g.*, *Matter of Won*, 2018 WL 6075353, at *2 (citing *In re Bradford*, No. C 12-5999 SBA, 2013 WL 2443259, at *2, 2013 U.S. Dist. LEXIS 78528 at *6 (N.D. Cal. May 31, 2013)) (entering default judgment against non-appearing claimants in a limitation action); *Matter of Bountiful Oceans, Inc.*, No. 17CV03625JSWMEJ, 2017 WL 9840304, at *4 (N.D. Cal. Nov. 8, 2017), *report and recommendation adopted*, No. C 17-03625 JSW, 2017 WL 9839118 (N.D. Cal. Dec. 20, 2017) (same).

As detailed above, the Court issued an order pursuant to Rule F(4) on July 14, 2025. Petitioner published the Notice to Claimants of Filing of Limitation Proceeding in accordance with the Court's Order and applicable rules. Two claimants filed claims, but no others appeared.

If, as here, the court is satisfied that the plaintiff-in-limitation has satisfied Rule F, it then considers the *Eitel* factors to determine whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471−72; *see Matter of Seabreeze JetLev*, No. 21CV01527YGRJCS, 2021 WL 7448618, at *6; *Matter of Won*, No. CV 17-882 PA (JEMX), 2018 WL 6075353, at *3.

Under these circumstances, courts in this district have found that the *Eitel* factors weighed in favor of default because (1) the plaintiff would be prejudiced by the absence of a remedy against non-appearing claimants; (2) the complaint is sufficient because it meets the requirements

of Rule F; (3) no dispute of material facts is likely because the defaulted claimants did not appear or object to default; and (4) the likelihood excusable neglect is low given the thorough notice provided and the amount of time to have passed since the response deadline. *Matter of Seabreeze JetLev*, No. 21CV01527YGRJCS, 2021 WL 7448618, at \*6. "As the Plaintiff[]-in-limitation do[es] not request substantive relief and no sum of money is at stake, the second and fourth factors do not apply." *Id*. Finally, "[i]n light of the well-pleaded allegations in the Complaint and the failure of [any] potential claimants to answer or otherwise participate in the Action, Plaintiff's interest in an efficient resolution of this case outweighs any interest in adjudication on the merits." *Matter of Won*, No. CV 17-882 PA (JEMX), 2018 WL 6075353, at \*3.

<div align="center">

**CONCLUSION**

</div>

Because Dalporto has satisfied the requirements of Rule F and the *Eitel* factors weigh in favor of default judgment, the motion is granted. It is hereby ordered:

1.      That the default of all persons who claim to have sustained any loss, injury, expense, or damage as a result of the aforesaid incident involving the vessel ACHELOUS, and have failed to file claims in this action in accordance with the Court-ordered deadlines that have now passed, be confirmed, noted, and entered;

2.      That all such persons be barred and permanently restrained from filing and/or prosecuting in any court, all claims against Petitioner which might properly have been filed in this limitation proceeding; and

3.      That default judgment be entered for Petitioner against all persons that have failed to file claims in this action in accordance with the Court-ordered deadlines that have now passed, and pursuant to said judgment they be exonerated from liability on all future claims for loss, injury expense or damage arising out of the aforesaid incident involving the vessel ACHELOUS claimed by any and/or all such persons.

**IT IS SO ORDERED.**

Dated: June 18, 2026



_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California