UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Darren Dalporto, as the Owner of the Vessel ACHELOUS, for Exoneration from or Limitation of Liability | Case No. 25-cv-03620-JST<br><br>**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR EXONERATION**<br><br>Re: ECF No. 41 |

In this case arising from a boating incident that occurred on November 18, 2025, ECF No. 1 ¶ 5, Petitioner Darren Dalporto moves for an order granting exoneration of liability. ECF No. 41. The unopposed motion is granted.

Dalporto filed the complaint in this action on April 24, 2025, seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §30523; Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims; and Rule 5 of the Admiralty & Maritime Local Rules for the United States District Court for the Northern District of California. ECF No. 1 at 1. After Dalporto published a Notice to Claimants of Filing of Limitation Proceeding, two individuals filed claims but no others appeared. ECF No. 37 at 3. Finding that the applicable procedural rules had been satisfied, the Court entered default judgment against all non-appearing claimants. *Id*. at 4. Subsequently, the two remaining claimants, Vicki and Skye Ocaranza, entered a stipulation with Dalporto dismissing with prejudice their pending claims and indicating their nonopposition to Dalporto's request for an order granting exoneration. ECF No. 44 at 2–3.

"In the admiralty proceeding in which a shipowner seeks to exonerate himself from liability or to limit his liability, the burden of proving negligence or unseaworthiness rests upon

United States District Court
Northern District of California

United States District Court
Northern District of California

the claimant." *Walston v. Lambertsen*, 349 F.2d 660, 663 (9th Cir. 1965). Here, because Vicki and Skye Ocaranza have dismissed their claims with prejudice and default judgment has been entered against all other potential claimants, no claimant remains to carry that burden. *See Matter of Harbor Breeze Corp.*, No. CV 23-3484-GW-AGRX, 2023 WL 12256458, at *4 (C.D. Cal. Oct. 27, 2023). Dalporto is therefore entitled to exoneration of liability.

IT IS HEREBY ORDERED, JUDGED, AND DECREED AS FOLLOWS:

Petitioner's Motion for an Order granting exoneration from liability is granted; and the Clerk is expressly directed to: (1) dismiss all claims against Petitioner with prejudice; (2) enter an order exonerating Petitioner from any and all claims, losses, and/or injuries that occurred as a result of the accident that took place on November 18, 2024, when the vessel ACHELOUS capsized off the coast of North Salmon Creek Beach in Sonoma County, California; and (3) enter judgment in Petitioner's favor.

**IT IS SO ORDERED.**

Dated: August 14, 2026

JON S. TIGAR
United States District Judge